IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO K. MOORE,

        Plaintiff,                      2: 10-cv-3457 KJM KJN P

     vs.

MICHAEL McDONALD, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

       Plaintiff is a state prisoner proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed May 19, 2011. Defendant argues that this action should be dismissed because plaintiff is a member of a class of claimants covered under a pending class action lawsuit in Plata v. Schwarzenegger, Case No. C-01-1351 THE (N.D. Cal. 2001). Defendant also argues that he, as the Warden, does not have the power to change the policies or procedures relating to the delivery of medical care in the California prison system because all such powers are vested exclusively in the court-appointed receiver.

       After carefully considering the record, the undersigned recommends that defendant's motion be denied.

1  II. Legal Standards for Motion to Dismiss

2  Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to
3  dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).
4  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the
5  court must accept as true the allegations of the complaint in question, Erickson v. Pardus,
6  551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins
7  v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F. 3d 962, 965 (9th
8  Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain
9  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
13 claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at
14 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
15 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
16 Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint
17 for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard
18 Feiner & Co., 896 F. 2d 1542, 1555 n.19 (9th Cir. 1990).

19 A motion to dismiss for failure to state a claim should not be granted unless it
20 appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which
21 would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In general, pro
22 se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner,
23 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally.
24 Bretz v. Kelman, 773 F. 2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's
25 liberal interpretation of a pro se complaint may not supply essential elements of the claim that
26

were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F. 2d 266, 268 (9th Cir. 1982).

III. Discussion

    A. Plaintiff's Claims

This action is proceeding on the original complaint filed December 27, 2010. The only defendant is Michael McDonald, the Warden at High Desert State Prison ("HDSP"). Plaintiff alleges that he has not received adequate medical care for his diabetes. In particular, plaintiff alleges that he has not received the proper doses of insulin, which caused him to suffer fatigue, shortness of breath and difficulty seeing. Plaintiff also alleges that he has not received a proper diabetic diet. Plaintiff claims that he is served meals with a high sugar content.

Plaintiff seeks injunctive relief only. In particular, plaintiff requests that he be transferred to either San Quentin or "Vacaville State Prison." Plaintiff also requests that the court order defendant to "administer care that is consistent with the care a diabetic receives in society."

    B. Analysis

Defendant argues that plaintiff may not pursue any injunctive relief in this action, asserting that plaintiff's claims and request for relief are subsumed by the Plata class action.

The court takes judicial notice[1] of the Plata "Stipulation for Injunctive Relief." (Dkt. No. 28-1 ("Stipulation" or "Stip.")). Plata is a class action of inmates in California state prisons with serious medical needs. (Stip. at ¶ 1.) Plaintiff, a HDSP inmate with serious medical needs, is necessarily a member of the Plata class. (Id. at ¶ 1.) The Stipulation requires that all members of the class receive constitutionally adequate medical care consistent with applicable policies and procedures in effect as of February 2002. (Id. at ¶ 4.) Any disputes as to the adequacy of these policies and procedures are to be resolved pursuant to the dispute resolution

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1  procedures set forth in the Stipulation.  (Id. at ¶¶ 26-28.)  Disputes relative to the treatment of
2  individual prisoners are to be pursued through the administrative grievance process, and then
3  through private mediation with defendants.  (Id. at ¶ 7.)  These procedural requirements may be
4  suspended only for inmates "requiring urgent medical care."  (Id. at ¶ 7.)

5        The Ninth Circuit has held that a plaintiff who is a member of a class action for
6  equitable relief from prison conditions may not maintain a separate, individual suit for relief that
7  is also sought by the class, but may pursue equitable relief that "exceeds," "goes beyond" or is
8  "not covered" by the class action.  Crawford v. Bell, 599 F.2d 890 (9th Cir. 1979) (reversing
9  district court's dismissal of plaintiff's claims for relief that were not included in a class action
10 challenging overcrowding); accord, McNeil v. Guthrie, 945 F.2d 1163, 1166 n.4 (10th Cir. 1991)
11 ("class members may bring individual actions for equitable relief when their claims are not being
12 litigated within the boundaries of the class action"); Rivera v. Bowe, 664 F. Supp. 708, 710
13 (S.D.N.Y. 1987) ("it would be improper to foreclose the parties from pursuing separate claims
14 where such claims are not encompassed and litigable within the original action," citing
15 Crawford).  In contrast, individual damages claims may clearly be pursued.  "[T]he general rule
16 is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent
17 individual damage claims by class members, even if based on the same events."  Hiser v.
18 Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996).

19       However, the Ninth Circuit has not addressed whether, or to what extent, Plata
20 precludes a California inmate from pursuing an independent lawsuit for individual injunctive
21 medical relief, and the distinction drawn in Crawford has been cited only infrequently.  This
22 court has found only one published district court decision addressing the matter.  In Burnett v.
23 Dugan, 618 F .Supp. 2d 1232 (S.D. Cal. 2009), the court granted preliminary injunctive relief to
24 the plaintiff, who sought a court order requiring defendants to adhere to "chronos" setting forth
25 plaintiff's medically-indicated housing needs.  The district court noted that plaintiff was "not
26 seeking relief on behalf of all the other inmates in the CDCR," nor seeking "broad based reform

1  of the CDCR's medical practices which is the subject of the Plata litigation," but rather
2  sought relief that was "quite narrow and specific to Plaintiff."  Burnett, 618 F.Supp.2d at 1237.  The
3  court rejected defendants' argument that plaintiff was "automatically precluded from seeking
4  injunctive relief for his medical related issues unless he first seeks relief as a member of the Plata
5  class," noting that defendants "cite to no authority that requires any plaintiff follow the Plata
6  procedures when they are attempting to enforce a specific medical treatment or doctor's order
7  related only to that individual plaintiff."  Id.  The court also relied on the exception set forth in
8  the Plata stipulation authorizing the suspension of its procedural requirements for inmates
9  "requiring urgent medical care."  Id.

10         Although some courts have applied reasoning similar to that articulated in Burnett
11 to permit Plata plaintiffs to pursue individual claims for injunctive relief, there is a divergence of
12 opinion among the unpublished district court decisions addressing this matter.  Some courts have
13 concluded that the plaintiff may not pursue *any* action for individual equitable relief during the
14 pendency of the Plata class action.  See e.g. Grajeda v. Horel, et al., 2009 WL 302708, *5-6
15 (N.D. Cal. 2009) (dismissing plaintiff's equitable claims to obtain, inter alia, a cane and leg brace
16 because such relief is encompassed by Plata); Meyer v. Schwarzenegger, 2008 WL 2223253,
17 *14-15 (dismissing plaintiff's claim to obtain, inter alia, physical therapy for his chronic knee
18 condition because he was "precluded, as a member of the Plata class from seeking injunctive
19 relief in an individual action"); Diaz v. Sisto, 2010 WL 624618, *8 (E.D. Cal. 2010) (plaintiff, a
20 diabetic, claiming that the simultaneous lines for obtaining insulin and food were too long to
21 accomplish both, sought insulin injections twice a day and sufficient food, as well as a court
22 order modifying the time for providing treatment to insulin dependent diabetics; the court
23 dismissed "any claim for injunctive relief Plaintiff may have [because it] would fall under the
24 class action in Plata[,]" citing Meyer, supra, 2008 WL 2223253); Jackson v. Lee, 2009 WL
25 3047012 (N.D. Cal. 2009) (dismissing plaintiff's claims for equitable relief regarding the quality
26 of his personal medical care because subsumed by Plata and another class action).

1         Other cases, like Burnett, have more narrowly precluded only those equitable
2 claims that seek broad, systemic changes targeted by the Plata class action. See e.g. Bovarie v.
3 Schwarzenegger, 2010 WL 1199554, *7 (S. D. Cal. 2010) (dismissing plaintiff's claims for
4 injunctive relief seeking "system-wide, structural reform . . . [t]hat is precisely the objective of
5 the plaintiffs in Plata [,]" noting that the result may be different if plaintiff were seeking
6 "injunctive relief that is specific to his medical needs or the circumstances of his incarceration");
7 Chess v. Dovey, 2009 WL 2151998, *6 (E.D. Cal. 2009) (dismissing plaintiff's claims for "broad
8 injunctive relief requiring implementation of a pain management program for all chronic care
9 patients, the building of a diet kitchen, implementation of a physical therapy program and various
10 other system-wide changes in the medical care provided in California prisons") (internal
11 quotations omitted); Martinez v. California, 2008 WL 782861, *3 (E.D. Cal. 2008) (denying
12 defendants' motion to dismiss plaintiff's equitable claims based on plaintiff's representation that
13 he was "not seeking injunctive relief as to issues that were litigated in Plata"); Tillis v.
14 Lamarque, 2006 WL 644876, *9 (N.D. Cal. 2006) (finding that plaintiff's request for a transfer to
15 another institution was not barred by Plata because "[p]laintiff is seeking relief solely on his own
16 behalf"); Burnett v. Faecher, 2009 WL 2007118 (C.D. Cal. 2009) (rejecting defendants'
17 "apparent" argument "that no inmate in the entire state can bring any Eighth Amendment claim
18 seeking equitable relief for inadequate medical care until the class action filed in 2001 has been
19 fully litigated"); Rincon v. Cate, 2010 WL 5863894, *4 (S.D. Cal. 2010) (authorizing plaintiff to
20 "maintain a separate suit arising from his discrete medical condition"); Watson v. Sisto, 2011
21 WL 533716, *4-8 (E.D. Cal. 2011), adopted 2011 WL 1219298 (E.D. Cal. 2011) (granting in
22 part defendants' motion to dismiss plaintiff's claims for injunctive relief, authorizing plaintiff to
23 proceed only on his "discrete, individualized claims for equitable relief").
24         The court's review of these cases and the Plata stipulation supports the reasonable
25 construction set forth in Burnett, as the undersigned previously concluded in Watson v. Sisto,
26 supra, 2011 WL 533716. The court applies that analysis here.

Plaintiff does not challenge institutional and state policies and procedures relative to the general provision of medical services. Instead, plaintiff requests that he be transferred to a different prison. Although plaintiff requests that he receive the same care for his diabetes as persons not in prison receive, the complaint contains claims regarding insulin and diet which the undersigned construes as seeking relief only as applied to plaintiff. Accordingly, the undersigned construes the complaint to seek injunctive relief regarding these two issues only. Because these discrete, individualized claims for equitable relief are not encompassed within the Plata class action, they should not be dismissed pursuant to the instant motion.

Defendant further argues that only the court-appointed received is authorized to provide the injunctive relief sought by plaintiff. Defendant contends that on February 14, 2006, the court in Plata appointed a received to take control of the delivery of medical services to all inmates, except those housed at Pelican Bay State Prison. Defendant contends that the health care system of the California Department of Corrections is no longer under the State of California's control.

The court takes judicial notice of the Order Appointing Receiver ("Order"). (Dkt. No. 28-2.) The Order, issued in Plata, appointed the receiver to provide "leadership and executive management of the California prison medical health care delivery system with the goals of restructuring day-to-day operations and developing, implementing, and validating a new, sustainable system that provides constitutionally adequate medical care to all class members as soon as practicable." Id. at 3. The Order does not divest defendant Warden of his power to respond to individual requests for injunctive relief.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (Dkt. No. 27) be denied; defendant be ordered to answer the complaint within twenty days of the date of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mo3457.mtd