IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO K. MOORE,

      Plaintiff,                    No. 2:10-cv-3457 KJM KJN P

    vs.

MICHAEL McDONALD, et al.,

      Defendants.          <u>ORDER</u>

                               /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On August 23, 2011, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. On September 13, 2011, defendants filed objections to the findings and recommendations. On September 26, 2011, plaintiff filed a reply to defendants' objections.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. The court notes that defendant cites *Henderson v. Felker*, No. CIV S-06-1325 FCD EFB P, 2008 WL 619082, 2008 U.S. LEXIS

1

16518 (E.D. Cal. Mar. 4, 2008), for the proposition that "the *Plata* stipulation additionally includes clauses to address the concerns of *specific prisoners*." (ECF 35 at 3 (emphasis original).) However, *Henderson* was reviewed by the Ninth Circuit and remanded for further proceedings. In a memorandum decision, the Ninth Circuit explained:

> The district court dismissed the claims in part because the California Department of Corrections and Rehabilitation's policies and procedures for treating diabetic inmates were previously found to meet the constitutional standard of care. Because we can find no support in the record for that conclusion, we vacate the judgment dismissing these claims against Dovey, Felker, and Roche, and remand for further proceedings. On remand, the district court should consider, independent of *Plata v. Schwarzenegger*, whether Henderson's amended complaint states a claim against those defendants, and if not, whether leave to amend is appropriate.

*Henderson v. Felker*, 347 F. App'x 345, 346 (9th Cir. 2009). On remand, the district court found that "[p]laintiff's amended complaint states an Eighth Amendment claim against defendants Dovey, Felker and Roche." *Henderson v. Felker*, No. CIV S-06-1325 FCD EFB P, 2010 WL 4823690 (E.D. Cal. Nov. 22, 2010). Thus, *Henderson*'s subsequent history undercuts defendant's reference of the case here.

Defendant also cites *James v. Wilber*, No. 1:08-cv-00351-DLB (PC), 2009 U.S. Dist. LEXIS 95761, 2009 WL 3334894 (E.D. Cal. Oct. 14, 2009), as a case that dismissed an inmate's requested injunctive relief based on a nurse's "failure to provide an appropriate soft diet following oral surgery." (ECF 35 at 4.) However, the district court held that "[p]laintiff's requested relief is for an injunction ordering Corcoran [State Prison] to update their medical procedures and medical staff to comply with and perform all duties prescribed. . . . Thus, Plaintiff's claims for injunctive relief are subsumed within the *Plata* class action." *James*, 2009 WL 3334894 at *3 (quotation and citation omitted). The plaintiff in *James* was not seeking individual injunctive relief. Therefore, this decision also does not support defendant's argument.

Finally, defendant cites *Estrada v. Rowe*, No. C 08-2801 MMC (PR), 2011 U.S. Dist. LEXIS 64952, 2011 WL 2444059 (N.D. Cal. June 17, 2011), which dismissed a claim for

1 injunctive relief, finding the claim fell within the subject matter of *Plata*. *Estrada* did not
2 provide a detailed reasoning for its decision. Without more, this court is not prepared to apply it
3 to the case at bar.
4     In sum, having carefully reviewed the file, the court finds the findings and
5 recommendations to be supported by the record and by the proper analysis.
6     Accordingly, IT IS HEREBY ORDERED that:
7     1. The findings and recommendations filed August 23, 2011 are adopted in full,
8 including the construction of plaintiff's claims at page 7, lines 1 through 8; and
9     2. Defendant's motion to dismiss (Dkt. No. 27) is denied; defendant is ordered to
10 answer the complaint within twenty-one days of the date of this order.
11 DATED: March 31, 2012.

UNITED STATES DISTRICT JUDGE