IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO K. MOORE,

      Plaintiff,                        No.  2: 10-cv-3457 KJM KJN P

      vs.

MICHAEL McDONALD, et al.,

      Defendants.             <u>ORDER</u>

         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  The only defendant is Michael McDonald, the Warden at High Desert State Prison ("HDSP").  Plaintiff alleges that he has not received adequate medical care for his diabetes, including proper doses of insulin and a proper diabetic diet.

         On April 20, 2012 plaintiff filed a motion for a protective order.  In this motion, plaintiff alleges that he is being harassed because of the instant action and because he is a witness in a case involving the death of inmate Ivory Martin.  Most of the allegations of harassment alleged in the motion for protective order appear to concern plaintiff's status as a witness in the Martin case.

         On April 18, 2012, plaintiff filed a letter with the court also alleging harassment based on the instant action and his status as a witness in the Martin case.

1

1    Although the Ninth Circuit has not addressed the issue directly, other circuits have
2 repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the
3 injury claimed in the party's motion and the conduct asserted in the complaint." <u>Devose v.</u>
4 <u>Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); accord <u>Little v. Jones</u>, 607 F.3d 1245, 1250–51
5 (10th Cir. 2010); <u>Colvin v. Caruso</u>, 605 F.3d 282, 299–300 (6th Cir. 2010);
6    Plaintiff's claim that he is being harassed based on his status as a witness in the
7 Martin case is unrelated to the claims raised in the instant action. For that reason, plaintiff's
8 claims alleging harassment based on his status as a witness in the Martin case should be raised in
9 a separate civil rights action.
10    Plaintiff's claim that he is being harassed in retaliation for pursuing this action
11 may be raised in a motion for injunctive relief filed in the instant action. However, as plead in
12 his April 18, 2012 letter and April 20, 2012 motion for protective order, plaintiff's claims of
13 retaliation for pursuing this action and harassment based on his status as a witness in the Martin
14 case cannot be distinguished. For this reason, plaintiff's motion for protective order is dismissed
15 without prejudice to plaintiff filing a motion for injunctive relief raising claims alleging
16 retaliation for pursuing the instant action only. Plaintiff's claims of retaliation for pursuing the
17 instant action must be well supported.
18    Accordingly, IT IS HEREBY ORDERED that plaintiff's April 20, 2012 motion
19 for protective order (Dkt. No. 45) is denied without prejudice.
20 DATED: June 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mo3457.po