IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO K. MOORE,

      Plaintiff,                    No.  2: 10-cv-3457 KJM KJN P

    vs.

MICHAEL McDONALD, et al.,

      Defendants.         ORDER

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's motion to modify the scheduling order to file a summary judgment motion past the filing deadline.  For the following reasons, further briefing is ordered.

<u>Legal Standard</u>

        Under Federal Rule of Civil Procedure Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. <u>Id.</u>  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to

1

1  modify should not be granted."   Zivkovic v. Southern California Edison Co., 302 F.3d 1080,
2  1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).
3  Discussion
4        This action is proceeding on the original complaint filed December 27, 2010.  The
5  only defendant is Michael McDonald, the Warden at High Desert State Prison ("HDSP").
6  Plaintiff alleges that he received inadequate medical care for his diabetes.  In the complaint,
7  plaintiff seeks injunctive relief only.  In particular, plaintiff requests that he be transferred to
8  either San Quentin or "Vacaville State Prison."
9        On November 26, 2012, the court issued a further scheduling order.  The pretrial
10 conference was set for February 15, 2013.  The jury trial is set for June 17, 2013 before the
11 Honorable Kimberly J. Mueller.
12       On January 14, 2013, plaintiff filed his pretrial statement.  On February 8, 2013,
13 defendant filed his pretrial statement.  On February 22, 2013, plaintiff filed a letter with the court
14 stating that he wished to seek money damages in this action.
15       On March 1, 2013, defendant filed a summary judgment motion and the pending
16 motion to modify the scheduling order to allow for the filing of the summary judgment motion.
17 In the motion to modify, defendant states that plaintiff is now housed at R. J. Donovan
18 Correctional Facility ("RJDCF").  Defendant argues that he should be allowed to argue that
19 plaintiff's claim for injunctive relief is now moot.  Defendant also argues that he should be
20 allowed to address plaintiff's request for damages.  Regarding plaintiff's request for damages, in
21 the proposed summary judgment motion, defendant argues that as the Warden, he was not
22 involved in the alleged inadequate medical care.  Defendant also argues that plaintiff was not
23 injured as a result of the alleged delay in his receipt of insulin shots.
24       In the motion to modify, defendant states that on October 24, 2012, plaintiff filed
25 a notice of change of address reflecting his transfer to RJDCF.  Defendant states that he only had
26 two weeks to file a timely summary judgment motion following his receipt of the notice of

change of address.

In his opposition to defendant's motion to modify the scheduling order, plaintiff argues that he did not receive the injunctive relief requested, i.e., a transfer to either San Quentin or the California Medical Facility.

When a prisoner is transferred from a prison, claims for injunctive relief arising from conditions at the former prison become moot. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (citing Dilley v. Gunn, 64 F.3d 1365, 1368–69 (9th Cir. 1995)).  While plaintiff alleges that he did not receive the requested injunctive relief, i.e., a transfer to San Quentin or "Vacaville State Prison," plaintiff now is housed at RJDCF.  The court has no authority to order prison officials at RJDCF to transfer plaintiff to a different prison as there are no defendants at RJDCF.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969) (this court is unable to issue an order against individuals who are not parties to a suit pending before it).[1]  For these reasons, the court would agree with defendant that plaintiff's request for injunctive relief should be dismissed.

Defendant could have raised the issue of mootness regarding plaintiff's request for injunctive relief sooner.  However, defendant was sufficiently diligent in filing his motion to modify the scheduling order.  For this reason, defendant's motion to modify the scheduling order to file a summary judgment motion addressing plaintiff's request for injunctive relief is granted.

Further briefing is required regarding plaintiff's request to amend his complaint to include a request for money damages.[2]  Plaintiff does not indicate whether he is seeking to reopen discovery if his request to seek damages is granted.  If plaintiff is seeking to re-open

---

[1] Prisoners have no constitutional right to be housed at any particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983).  Assuming there were defendants who could respond to plaintiff's request for injunctive relief, the issue would be whether plaintiff was receiving adequate medical care at RJDCF.

[2] By addressing plaintiff's request for damages in the proposed summary judgment motion, defendant indicates a non-opposition to plaintiff's request to amend his complaint to include this request.

discovery, the court is inclined to deny his request to amend his complaint. If plaintiff does not seek to conduct discovery, the court is inclined to grant plaintiff's motion to amend and to allow defendant to proceed with his summary judgment motion as to the request for damages.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, plaintiff shall inform the court whether he is seeking to re-open discovery if he is allowed to amend his complaint to include a request for money damages.

DATED: April 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mo3457.fb