IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO K. MOORE,

    Plaintiff,                    No. 2: 10-cv-3457 KJM KJN P

    vs.

MICHAEL McDONALD, et al.,       <u>ORDER AND</u>

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's summary judgment motion filed March 1, 2013. For the following reasons, this motion should be granted.

II. <u>Legal Standard for Summary Judgment</u>

        Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]

---

[1] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10, 2010. However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).) "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 Advisory Committee Notes to 2010 Amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party

---

56, "[t]he standard for granting summary judgment remains unchanged."

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
6  1436 (9th Cir. 1987).

7  In the endeavor to establish the existence of a factual dispute, the opposing party
8  need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).

14 In resolving a summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
17 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
22 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts. . . . Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).
26 ////

III.  Discussion

This action is proceeding on the original complaint filed December 27, 2010.  The only defendant is Michael McDonald, the Warden at High Desert State Prison ("HDSP"). Plaintiff alleges that he received inadequate care for diabetes.  In the complaint, plaintiff seeks injunctive relief only.  In particular, plaintiff requests that he be transferred to either San Quentin or "Vacaville State Prison."

On February 22, 2013, plaintiff filed a letter with the court suggesting that he was also seeking money damages.

On March 1, 2013, defendant filed a summary judgment motion and a motion to modify the scheduling order to file the summary judgment motion after the dispositive motion deadline.  Defendant's summary judgment motion addressed plaintiff's request for injunctive relief and the request for money damages raised in plaintiff's February 22, 2013 letter.

On April 18, 2013, the undersigned granted defendant's motion to modify the scheduling order to file a summary judgment motion addressing plaintiff's request for injunctive relief.  The undersigned also ordered plaintiff to inform the court whether he would seek to re-open discovery if he was permitted to amend his complaint to include a request for money damages.

On May 2, 2013, plaintiff filed a response to the April 18, 2013 order clarifying that he was not seeking money damages.  On May 8, 2013, the undersigned issued an order granting plaintiff twenty-one days to respond to defendant's summary judgment motion addressing his claim for injunctive relief.  The undersigned also struck the portion of defendant's summary judgment motion addressing the issue of damages.

On May 23, 2013, plaintiff filed a response to defendant's summary judgment motion combined with a request for default judgment.  In the portion of the motion seeking default judgment, plaintiff argues that defendant should not have been permitted to file a summary judgment motion past the dispositive motion deadline.  A challenge by plaintiff to the

4

1  April 18, 2013 order granting defendant's motion to modify the scheduling order to file the
2  summary judgment motion past the dispositive motion deadline is not properly raised in a motion
3  for default judgment. Accordingly, plaintiff's motion for default judgment is disregarded.
4         Turning to the merits of defendant's summary judgment motion, defendant argues
5  that plaintiff's request for injunctive relief is moot because he was transferred to the R. J.
6  Donovan Correctional Facility ("RJDCF") in San Diego. On October 24, 2012, plaintiff filed a
7  notice of change of address reflecting this transfer from HDSP to RJDCF, where he is currently
8  incarcerated.
9         When a prisoner is transferred from a prison, claims for injunctive relief from
10 conditions at the former prison become moot. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir.
11 2001) (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)). Plaintiff has demonstrated
12 no reasonable possibility that he will be re-incarcerated at HDSP at any predictable time in the
13 future.
14         Moreover, while plaintiff alleges that he did not receive the requested injunctive
15 relief, i.e., a transfer to San Quentin or "Vacaville State Prison," the court has no authority to
16 order prison officials at RJDCF to transfer plaintiff to a different prison, as there are no
17 defendants at RJDCF. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969)
18 (court is unable to issue an order against individuals who are not parties to a suit pending before
19 it).
20         For the reasons discussed above, the undersigned recommends that defendant's
21 summary judgment motion be granted.[2]
22         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for default
23 judgment (ECF No. 71) is disregarded; and

---

[2] If plaintiff is claiming that he is not receiving adequate medical care at RJDCF, he may file a civil rights action in the United States District Court for the Southern District of California.

IT IS HEREBY RECOMMENDED that defendant's summary judgment motion (ECF No. 64) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 13, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mo3457.sj